UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTONIO GAUDRY, *et al.* )<br>         Plaintiffs,                  )<br>                                                  )<br>    v.                                          )    CAUSE NO.: 2:21-CV-175-PPS-JPK<br>                                                  )<br>STATE FARM MUTUAL AUTOMOBILE  )<br>INSURANCE COMPANY,      )<br>         Defendant.                  ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant State Farm Mutual Automobile Insurance Company invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Defendant has alleged a sufficient amount in controversy, as well as its own citizenship (subject to any future challenge). However, the allegations are insufficient as to the citizenship of Plaintiffs Antonio Gaudry, Jessica Gaudry and Clayton Gaudry.

The Notice of Removal states that "[t]he Plaintiffs are residents of Lake County, Indiana and, therefore, are citizens domiciled in Indiana." (Notice of Removal ¶ 7, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship.

"The citizenship of a natural person for diversity purposes is determined of course by the person's domicile, which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) (citations omitted). In this context, "residence" and "domicile" are not synonymous, and allegations of residency in a state are not sufficient. *See id.* at 835 (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state"). The Court must therefore be advised of Plaintiffs' state of citizenship—i.e., the state in which they were physically present with an intent to remain there indefinitely at the relevant time—not their state of residence.

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must sufficiently allege Plaintiffs' citizenship, as outlined above. Therefore, the Court **ORDERS** Defendant State Farm Mutual Automobile Insurance Company to **FILE**, on or before **June 10, 2021**, a supplemental jurisdictional statement that properly alleges the citizenship of Plaintiffs.

So ORDERED this 27th day of May, 2021.

                                           s/ Joshua P. Kolar
                                           MAGISTRATE JUDGE JOSHUA P. KOLAR
                                           UNITED STATES DISTRICT COURT